Means v. Shyam                          CV-97-212-M    09/17/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Jessica Means,
        Plaintiff,

    v.                                          Civil No. 97-212-M

Shyam Corporation and Charles Estes,
        Defendants.


**O R D E R**

Plaintiff, Jessica Means, brings this action seeking compensatory and punitive damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  She also seeks damages under New Hampshire common law for intentional infliction of emotional distress.  She claims that while working at the Best Western Hotel in Campton, New Hampshire, she was repeatedly sexually harassed by the hotel's food and beverage manager, Charles Estes.[1]


By prior order, the court dismissed plaintiff's intentional infliction of emotional distress claim against Shyam Corporation (which operated the hotel under a franchise agreement with Best Western International).  Means v. Shyam Corporation, No. 97-212-M, slip op. (D.N.H. Nov. 12, 1997).  Shyam Corporation now moves for summary judgment with regard to plaintiff's Title VII claim.  Alternatively, it asserts that it is entitled to judgment as a

---

[1]    Estes was eventually incarcerated at the New Hampshire Prison, apparently as either a direct or indirect result of plaintiff's allegations of sexual assault.

matter of law as to plaintiff's claim for punitive damages.
Plaintiff objects.

**Standard of Review**

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling upon a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

**Discussion**

I. An Employer's Affirmative Defense under Title VII.

Relying upon two recent Supreme Court decisions, Shyam Corporation asserts that it is entitled to judgment as a matter of law with regard to plaintiff's Title VII claims. See Burlington Industries, Inc. v. Ellerth, 118 S.Ct. 2257 (1998); Faragher v. City of Boca Raton, 118 S.Ct. 2275 (1998). In Burlington Industries and Faragher, the Court outlined the scope of an employer's liability for sexual harassment committed by one of its employees, as well as the affirmative defense available to that employer.[2]

---

[2] The affirmative defense discussed by the Court is available to the employer only when there is no adverse employment action taken against the employee/victim. See

2

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rule Civ. Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

Burlington Industries, 118 S.Ct. at 2270. See also Faragher, 118 S.Ct. at 2292-93.

Here, it is undisputed that Shyam Corporation had no written sexual harassment policy during (and even as late as a year following) plaintiff's employment. See, e.g., Defendant's memorandum (document no. 40) at 3. Nor were employees at the hotel specifically told how they could seek to resolve sexual harassment issues in the workplace. Nevertheless, defendant contends that it meets the first element of the two-part affirmative defense outlined by the Supreme Court because its employees were instructed in a general way to contact its corporate officers by telephone in the event that they had "any

---

Burlington Industries, 118 S.Ct. at 2269-70. Because she claims to have been constructively discharged as a result of the ongoing hostile work environment which Shyam allegedly permitted to exist, plaintiff asserts that this defense is not available to Shyam Corporation. At this juncture, however, the court need not rule on the doubtful proposition that constructive discharge constitutes a "tangible employment action" within the meaning ascribed to that phrase by the Supreme Court.

3

concerns or complaints." Id. See also Defendant's memorandum at 11 ("[I]t is undisputed that Mr. Bhakta, Mr. Patel and Ms. Estes were open to employee concerns. All were available either in person or by telephone. There is no dispute that Ms. Means was aware of this policy and failed to take advantage of it.").

The "policy" implemented by Shyam Corporation likely fails to constitute "reasonable care to prevent and correct promptly any sexually harassing behavior." Burlington Industries, 118 S.Ct. at 2270. To be effective, an employer's efforts to prevent and promptly correct sexually harassing behavior must be meaningful. On this undeveloped record, Shyam Corporation's efforts in that regard appear to fall short of the mark. In any event, putting the best face on it, whether Shyam Corporation's "policy" (i.e., providing employees with telephone numbers at which they could reach corporate officers in the event of any problems) constitutes a "proven, effective mechanism for reporting and resolving complaints of sexual harassment, available to the employee without undue risk or expense," Faragher, 118 S.Ct. at 2292, presents an issue of material fact. Having failed to demonstrate on undisputed facts and as a matter of law that it meets the first element of the two-part affirmative defense, Shyam Corporation is not entitled to summary judgment.

II. Punitive Damages.

4

To prevail on her claim for punitive damages, plaintiff must demonstrate that Shyam Corporation engaged in discriminatory practices with malice or with reckless indifference to her federally protected rights. See 42 U.S.C. § 1981a(b)(1).[3] See also McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 507 (1st Cir. 1996) ("Although compensatory damages are available to victims of intentional discrimination under Title VII, a plaintiff must demonstrate that the defendant acted with malice or reckless indifference before he or she can receive punitive damages.").

Shyam Corporation claims that plaintiff cannot, as a matter of law, carry that burden. It contends that, at most, it had constructive knowledge of Estes' unlawful work-place behavior and, therefore, at worst its conduct amounted to nothing more than simple negligence. It argues that mere constructive knowledge of workplace harassment, or even negligence, on the part of an employer is insufficient to support an award of punitive damages. See, e.g., Splunge v. Shoney's, Inc., 97 F.3d

---

[3] The 1991 amendments to Title VII of the Civil Rights Act provide that a prevailing plaintiff may, under certain limited circumstances, recover punitive damages.

> A complaining party may recover punitive damages under this section against a respondent (other than a government, governmental agency, or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1).

488, 490-91 (11th Cir. 1996) ("Therefore, considering the plain language of the statute and the limited case law, we conclude that, at least ordinarily, constructive knowledge alone is insufficient to authorize the award of punitive damages under section 1981a."). The Shoney's court did, however, suggest that an employer with constructive knowledge of ongoing sexual harassment in the workplace may be liable for punitive damages if its conduct may fairly be viewed as more than mere negligence and, instead, falls into the realm of "willful blindness." Id., at 491.[4]

In response to Shyam Corporation's legal arguments, plaintiff points to several factual allegations from which she claims a reasonable trier of fact could conclude that defendant acted with the requisite reckless disregard for her federally protected rights. First, she relies heavily upon the fact that Shyam Corporation had no sexual harassment policy in place during her employment. Plaintiff also points to her allegation that she was never advised of her federally protected rights and that she was never specifically told that a complaint against her immediate supervisor would be promptly and fairly investigated

---

[4] The Shoney's court, like most other courts that have addressed this issue, also held that the state of mind of the harassing employee would not be imputed to the employer. Id., at 491. Instead, the plaintiffs were required to demonstrate that the employer itself acted with malice or reckless disregard for their federally protected rights. Again, this holding reinforces the notion that, at least ordinarily, simple negligence on the part of an employer is insufficient to support an award of punitive damages.

without any adverse action against her.  Additionally, plaintiff says that it is relevant that Shyam Corporation allegedly conducted no sexual harassment awareness training for its employees and failed to properly supervise its management personnel regarding sexual harassment.

Plaintiff also says that despite the fact that the principals of Shyam Corporation have had substantial experience in forming corporations which own and operate hotels, they apparently never inquired into their legal obligations under Title VII (or, alternatively, then "disregarded" those obligations).  See, e.g., Exhibit A to plaintiff's memo (Deposition of Ravi Bhakta) at 78-79 (acknowledging that he first learned of Title VII during televised Senate confirmation hearings, but to date none of his corporations or partnerships have adopted sexual harassment policies).  Finally, and perhaps more to the point, plaintiff claims that Shyam failed to conduct any meaningful independent investigation into her complaints after she reported Estes' conduct, and never offered to bring her back to work with assurances that Estes would be removed from his position.[5]

---

[5]     Although plaintiff says that defendant conducted no meaningful "independent investigation" into her allegations (which she apparently only disclosed after she quit her job), Shyam Corporation claims to have contacted the local police department and learned that police were conducting a criminal investigation into Estes' conduct.  Mr. Bhakta and Mr. Patel say that they offered the corporation's cooperation.  They also say that they were counseled by local law enforcement officers to defer making any decision as to Estes' continued employment with

7

There is, of course, no affirmative obligation imposed by Title VII requiring employers to implement sexual harassment policies, conduct sexual harassment awareness training, or inform employees of their federally protected rights. Based upon the factual record as it presently stands, and crediting plaintiff's properly supported allegations as true, it is perhaps possible that a reasonable trier of fact could conclude that Shyam's conduct (largely in the form of inaction) constituted a "reckless indifference to the [plaintiff's] federally protected rights." 42 U.S.C. § 1981a. See, e.g., Harris v. L & L Wings, Inc., 132 F.3d 978, 983 (4th Cir. 1997) (identifying three factors relevant in an inquiry into whether an employer acted with malice or reckless indifference). Plaintiff's factual allegations do paint a picture of a corporation largely ignorant of Title VII concerns, but which nevertheless took some modest steps to insure that its employees were aware of direct avenues by which they could report any difficulties relating to the conditions of their employment.

To be sure, at least at this juncture, it appears doubtful that Shyam Corporation's conduct was sufficiently egregious or outrageous to justify an award of punitive damages. See, e.g., McKinnon, 83 F.3d at 508 ("That the defendants' acts 'were patently offensive' and repeated, as the plaintiffs argue, may

_____

the company until after police had completed their investigation. In May of 1994, following Estes' guilty plea to charges of criminal assault, the corporation terminated his employment.

8

provide cause for compensatory damages but do not necessarily mandate a finding of punitive damages. . . . Punitive damages are assessed as punishment or as an example and warning to others. They are therefore not favored in the law and are allowed only with caution and within normal limits."). Nevertheless, the undeveloped nature of the factual record counsels in favor of allowing plaintiff an opportunity to present relevant evidence to a jury. While plaintiff's evidence of malice and/or reckless indifference on the part of Shyam Corporation as presently revealed is, at best, weak, it is barely sufficient to avoid summary judgment (perhaps viewing it in an overly generous way at this point).

At trial, after plaintiff has introduced and fully developed all her evidence of Shyam Corporation's alleged malice and/or reckless indifference, the court will be in a better position to determine whether, as a matter of law, she is entitled to an instruction on punitive damages. Accordingly, defendant's motion for judgment as a matter of law with regard to plaintiff's claim for punitive damages is, for now, denied. Defendant is, of course, free to renew its motion at the close of plaintiff's evidence or in the context of the charging conference.

## Conclusion

Because defendant has failed to demonstrate that it "exercised <u>reasonable care to prevent</u> and correct promptly any

9

sexually harassing behavior," <u>Burlington Industries</u>, 118 S.Ct. at 2270 (emphasis supplied), it is not entitled to judgment as a matter of law as to plaintiff's Title VII claim.  And, viewing the pleadings in the light most favorable to plaintiff, it is conceivable that a reasonable trier of fact might conclude that defendant's conduct constituted more than simple negligence and, instead, amounted to a reckless disregard for plaintiff's federally protected rights.  Accordingly, defendant's motion for summary judgment (document no. 40) is denied.

**SO ORDERED**

_____
Steven J. McAuliffe
United States District Judge

September 17, 1998

cc:  Steven M. Latici, Esq.
     John F. Bisson, Esq.
     Charles Estes